IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK E. VOTH,                                    CV. 05-1360-KI

          Plaintiff,                                    ORDER

     v.

DR. GREG LYTLE,

          Defendant.

KING, Judge

Plaintiff, an inmate at Two Rivers Correctional Institution, brings this civil rights action *pro se*. Currently before the court are defendant's motion for reconsideration of plaintiff's *in forma pauperis* status and to dismiss (#7) and plaintiff's motion to file a second amended complaint and for appointment of counsel (#8).

**DISCUSSION**

I.   **Defendant's Motion to Reconsider**.

On August 30, 2005, plaintiff filed a complaint alleging the denial of adequate medical treatment. On October 7, 2005, plaintiff filed an amended complaint, motion for injunctive relief, and an application to proceed *in forma pauperis*. On October 12,

2005, I granted plaintiff leave to proceed *in forma pauperis*. Defendant moves for reconsideration of that order on the basis that plaintiff, while incarcerated, has had three or more action dismissed as frivolous or for failure to state a claim.

It is uncontested that plaintiff is a frequent filer and has had three previous lawsuits dismissed for the reasons stated in 28 U.S.C. § 1915(g). Indeed, in <u>Voth v. Czerniak</u>, 03-51-KI, I issued a three-strikes order and the case ultimately was dismissed due to plaintiff's failure to pay the requisite filing fee. Plaintiff, therefore, cannot proceed *in forma pauperis* in this proceeding unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In his amended complaint (#2), plaintiff alleges that three doctors at the Oregon Health Sciences University (OHSU) have diagnosed plaintiff to have a "severe documented medical problem" which requires surgery.[1] Plaintiff further alleges that, for the last four months, he has requested defendant to authorize the surgery because he is suffering severe pain and constant rectal bleeding. Plaintiff believes "something has now ruptured in his lower stomach". Plaintiff seeks to be transferred to OHSU immediately for surgery.

---

[1] In his original complaint, plaintiff identifies this condition as a severe rectal prolapse.

Defendant moves the court to reconsider its grant of *in forma pauperis* status on the basis that plaintiff "has failed to make the requisite showing of imminent serious danger of physical injury." Defendant argues that plaintiff's "medical condition is relatively stable and long-standing" and that he "has not alleged that he is being refused necessary and urgent medical treatment or that his health is rapidly deteriorating."

For purposes of determining whether a plaintiff has adequately alleged that he is under imminent danger of serious physical injury so as to satisfy § 1915(g), I construe the complaint liberally and accept plaintiff's allegations of fact as true. <u>Ciarpaglini v. Saini</u>, 352 F.3d 328, 330 (7th Cir. 2003); <u>Brown v. Johnson</u>, 387 F.3d 1344, 1350 (11th Cir. 2004).

As noted above, plaintiff complains that he has suffered severe pain and rectal bleeding for over four months. Plaintiff alleges that three doctors have recommended surgery to correct his condition and that prison officials have denied the same. The specificity of these allegations satisfy the threshold criterion of the imminent danger of serious physical injury exception. Defendant's factual assertion that plaintiff's condition is "relatively stable and long-standing" does not dictate a contrary decision. The inquiry under § 1915(g) is "not a vehicle for determining the merits of a claim." <u>Ciarpaglini</u>, 352 F.3d at 331.

///

Defendant alternatively moves to dismiss this action on the basis that plaintiff has a pending state court case which has as its "main focus" "that [plaintiff] has not received the proper boot/shoe size for his very narrow foot." Defendant has made no showing as to why the existence of this pending state court proceeding warrants dismissal of the instant proceeding. Accordingly, the motion is denied.

II. **Plaintiff's Motion to Amend**.

Plaintiff moves the court for leave to file a second amended complaint. Defendant has filed no opposition. Accordingly, plaintiff's motion is granted.

**CONCLUSION**

Based on the foregoing, defendant's motion to reconsider and to dismiss (#7) is DENIED, and plaintiff's motion to amend (#8-1) is GRANTED. The Clerk of the Court is DIRECTED to detach plaintiff's proposed second amended complaint from the motion (#8) and file it in the court docket.

Plaintiff's motion for appointment of counsel (#8-2) is DENIED on the basis that this is not an exceptional case warranting the appointment of counsel.

IT IS FURTHER ORDERED that defendant shall file a response to plaintiff's motion for injunctive relief (#4) on or before December 19, 2005. Plaintiff may file a reply on or before January 3, 2006.

///

Plaintiff's motion for injunctive relief (#4) shall be taken UNDER ADVISEMENT on January 3, 2006.

IT IS SO ORDERED.

DATED this ____8th____ day of December, 2005.


                                    ___/s/ Garr M. King_____
                                    Garr M. King
                                    United States District Judge