IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

FRANK VOTH,                                         CV. 05-1360-KI

        Plaintiff,                              OPINION

    v.

GREG LYTLE,

        Defendant.

FRANK E. VOTH
Two Rivers Correctional Institution
82911 Beach Access Road
Umatilla, Oregon 97882

    Plaintiff, *Pro Se*

HARDY MYERS
Attorney General
LEONARD W. WILLIAMSON
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, Oregon 97301-4096

    Attorneys for Defendant

KING, Judge

    Plaintiff, an inmate at Two Rivers Correctional Institution (TRCI), brings this civil rights action alleging that he has been denied constitutionally adequate medical treatment. Currently

1 -- OPINION

before the court are plaintiff's motion for preliminary injunction (#4) and defendant's unenumerated 12(b) motion to dismiss (#13). For the reasons set forth below, defendant's motion is granted and plaintiff's motion is denied.

## BACKGROUND

Plaintiff brings this civil rights action against Dr. Greg Lytle, the Chief Medical Doctor at TRCI. Plaintiff alleges that for the "past five months," Dr. Lytle has refused to authorize surgery to be done on plaintiff at the Oregon Health Sciences University Hospital (OHSU). Plaintiff alleges that three doctors at OHSU have recommended immediate surgery for his prolapsed rectum. Plaintiff complains that he is in severe pain, that he has constant bleeding from his rectum, and that defendant Lytle has "discontinued plaintiff's medical status to be assigned to a 'single cell.'" Plaintiff concludes that Dr. Lytle's deliberate indifference to plaintiff's serious medical condition constitutes cruel and unusual punishment in violation of the Eighth Amendment.

Defendant moves to dismiss plaintiff's second amended complaint on the basis that plaintiff failed to exhaust his available administrative remedies.

## STANDARDS

Pursuant to 42 U.S.C. § 1997e(a), no action shall be brought with respect to prison conditions under 42 U.S.C. § 1983 by a prisoner until such administrative remedies as are available are

2 -- OPINION

exhausted. A prisoner must exhaust all available remedies, even if the remedies are not "plain, speedy, and effective," and even if the prisoner seeks relief not available in grievance proceedings, such as money damages. Porter v. Nussle, 534 U.S. 516, 524 (2002).

The exhaustion requirement must be satisfied prior to the filing of a civil rights action. In other words, a prisoner may not proceed to federal court while still exhausting his administrative remedies. Lira v. Herrera, 427 F.3d 1164, 1170 (9th Cir. 2005); Brown v. Valoff, 422 F.3d 926, 942 (9th Cir. 2004); McKinney v. Carey, 311 F.3d 1198, 2000 (9th Cir. 2002).

Failure to exhaust is an affirmative defense that defendants have the burden of raising and proving. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir.), cert. denied, 540 U.S. 810 (2003). The defense is subject to an unenumerated Rule 12(b) motion in which this court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120.

## DISCUSSION

In Oregon, prisoner grievances are processed in accordance with the Oregon Department of Corrections Administrative Rules for Inmate Communication and Grievance Review System. Pursuant to Rule 291-109-0140(1)(a), a prisoner may file a grievance seeking resolution of an issue which he has been unable to resolve informally with staff. However, a prisoner may not grieve

incidents "for which there exists a separate appeal or review process." O.A.R. 291-109-0140(2)(b)(B).

A prisoner grievance must be submitted to the functional unit grievance coordinator who, in turn, sends the grievance to the appropriate employee for response. O.A.R. 291-109-0140(4)(a). A prisoner may appeal the employee's response to the functional unit manager within 14 days of the date the employee's response was sent to the inmate. O.A.R. 291-109-0140(5)(a). The prisoner may appeal the functional unit manager's response to the assistant director whose decision is final. O.A.R. 291-109-0140(5)(b).

I. **Availability of Administrative Remedies**.

Plaintiff argues that the exhaustion requirement should be excused in this case because on a former occasion, in 2002, he was advised by Ms. Aleca Nelson, the Grievance Coordinator at TRCI, that administrative remedies were not available once he filed a state tort claim. In a letter to plaintiff dated June 27, 2002, Ms. Nelson stated:

> The DOC Rule . . . governing the Grievance Review System states that you can not grieve incidents or actions for which there exists a separate appeal or review process, such as a misconduct reports, rejection/confiscation of mail, visiting, property claims, etc. The tort process is a higher authority than the grievance process. Once you have chosen a higher authority, the matter will be investigated and resolved at that level.

Plaintiff's Reply, Exh. 1.

Plaintiff alleges that in accordance with Ms. Nelson's letter, he "did exhaust administrative remedies 'pertaining to the subject-matter of this action,' when he filed a Notice of Tort Claim" on January 15, 2003. (Plaintiff's Reply at 2 & Exh. 2.)

The Ninth Circuit has recognized that "a prisoner need not press on to exhaust further levels of review once he has . . . been reliably informed by an administrator that no remedies are available." Brown, 422 F.3d at 935. In the instant case, however, the information provided by the grievance coordinator did not pertain to the challenged conduct, i.e., the alleged denial of adequate medical treatment in the year 2005. Similarly, plaintiff's tort claim notice, filed on January 15, 2003, could not satisfy the exhaustion requirement for the alleged denial of medical treatment in 2005.

Because plaintiff makes no claim that after the alleged denial of medical treatment in 2005, but prior to the initiation of this proceeding, he attempted to exhaust his administrative remedies but was advised that relief was not available, I conclude that plaintiff has failed to exhaust.[1]

II. **November 2005, Grievance**.

---

[1] It is worthy of note that in his original complaint, plaintiff alleged that he had not exhausted his administrative remedies due to his desire to keep his medical records confidential. Complaint (#1) at ¶ 6.

Although plaintiff did not specifically grieve the alleged denial of medical care in 2005, he did file a grievance, albeit after the commencement of this proceeding, concerning his housing assignment and the expiration of his single cell status as of October 6, 2005. However, plaintiff did not appeal from the initial denial of the grievance. Ms. Nelson attests to the facts pertaining to this grievance:

> 11. On November 7, 2005, I received a grievance from Inmate Voth dated October 30, 2005 who claimed he waited three weeks to be scheduled to see Dr. Lytle to request single cell status and that he could not leave the Disciplinary Segregation Unit (DSU) until he was assigned single cell status. I accepted the grievance, assigned it Grievance No. G05-11-03 and forwarded it to Health Services for response.
>
> 12. On November 14, 2005, Nurse Manager Dorothy Wettlaufer responded to Inmate Voth's grievance that the health care provider reviewed his medical chart and determined there was no medical necessity for Inmate Voth to be assigned to a single cell.
>
> 13. Inmate Voth did not appeal Nurse Manager Wettlaufer's response and therefore has failed to use the available grievance process to address his concerns regarding surgery and removal from single cell status.

(Nelson Aff. at 3-4.)

Plaintiff alleges that he failed to appeal the denial of his grievance because he was "out to court in Multnomah County". However, plaintiff does not attest that he attempted to obtain the necessary appeal forms and was denied the same. In the absence of some evidence demonstrating that plaintiff was prevented from filing a timely appeal, I conclude that defendant has carried his

burden in demonstrating that plaintiff failed to exhaust his available administrative remedies.

In any event, although plaintiff alleges in his second amended complaint that he was denied single cell status, plaintiff does not state a separate claim for relief based upon this conduct. Rather, his complaint raises a claim for the deliberate indifference to his need for surgery. Moreover, even if it is assumed that plaintiff was prevented from appealing the denial of his grievance by his transfer to a county facility, the exhaustion requirement would not thereby be satisfied because plaintiff did not begin the administrative grievance process until after the initiation of this proceeding. See Lira, 427 F.3d at 1170 (district court must dismiss case when there is no pre-suit exhaustion, even if there is exhaustion while the case is pending); Brown, 422 F.3d at 942 (prisoner may not proceed to federal court while exhausting administrative remedies). For all of these reasons, plaintiff's second amended complaint must be dismissed for lack of exhaustion.

///

///

///

## **CONCLUSION**

Based on the foregoing, defendant's motion to dismiss (#13) is GRANTED, and plaintiff's motion for preliminary injunction (#4) is DENIED as moot. This proceeding is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this ___19th___ day of January, 2006.

                                          /s/ Garr M. King
                                          Garr M. King
                                          United States District Judge